UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PHILLIP LITTLES, AARON YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:16-cv-0175-WTL-DKL |
| | ) |
| BRUCE LEMMON, RICHARD BROWN, | ) |
| JEAN WATKINS, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint, Dismissing
Insufficient Claims and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **denied as presented**. The plaintiff shall have **through June 27, 2016**, in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on May 19, 2016.

**II. Screening Requirement**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant

with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

Pro se complaints, such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the Court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

The plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.

Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997). Here, the plaintiff alleges that while incarcerated at the Wabash Valley Correctional Facility, mail room clerk Jean Watkins, pursuant to a policy of the Indiana Department of Correction ("IDOC"), confiscated and destroyed the mail he received from his cousin, Aaron Young, allegedly because Young was on probation. The plaintiff construes this as a violation of his rights pursuant to the First Amendment. He seeks monetary relief and injunctive relief.

### III. Insufficient Claims

First, the plaintiff purports to bring this claim on his own behalf and on behalf of his cousin, Aaron Young. However, the plaintiff does not have standing to file a complaint on behalf of his cousin.

As a non-attorney, the plaintiff cannot assert the rights of another individual, and has no right to act on his cousin's behalf. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988); *Gometz v. Henman*, 807 F.2d 113, 115 (7th Cir. 1986); *Adams v. James*, 784 F.2d 1077 (11th Cir. 1986); *Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985)). As such, Aaron Young is **dismissed** as a plaintiff in this action.

Next, the claims against **Commissioner Bruce Lemmon and Superintendent Richard Brown are dismissed.** The plaintiff's claims against these defendants are legally insufficient because they do not support a finding of personal participation in the constitutional deprivation

necessary to support a claim under § 1983. *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996) ("'An individual cannot be held liable in a [42 U.S.C.] § 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'") (*quoting Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983)); *see Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001) (discussing the requirement of a defendant's personal responsibility to support a viable claim under § 1983 and quoting the requirement of *Farmer v. Brennan,* 511 U.S. 825, 843-44 (1994), that an official be aware of facts supporting inference of substantial risk of harm and that he actually draw the inference). The supervisory positions of such defendants do not make them liable for misdeeds of employees. *Antonelli v. Sheahan,* 81 F.3d 1422, 1428 (7th Cir.1996) ("A prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.") (internal quotations omitted). In addition, allegations of wrongdoing without an allegation of who participated in such wrongdoing fail to state a claim upon which relief can be granted.

### IV. Claims that May Proceed

The Supreme Court has recognized that prisoners have a protected First Amendment interest in both sending and receiving mail. *Turner v. Safley*, 482 U.S. 78 (1987). The plaintiff's First Amendment claims against Jean Watkins **may proceed.**

This is the claim the Court construes. The plaintiff shall have **through June 27, 2016**, to identify any claims he believed he raised in the complaint that the Court did not identify.

### V. Further Proceedings

The First Amendment claim against Jean Watkins may proceed.

**The clerk is instructed** to update the docket to remove the names of plaintiff Aaron Young and defendants Bruce Lemmon and Richard Brown.

No partial final judgment shall issue at this time as to the claims which are dismissed in this Entry.

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Jean Watkins in the manner specified by Rule 4(d). Process shall consist of the complaint filed on May 19, 2016, [dkt. 1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED**.

Date: 5/25/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.** Distribution:

Phillip Littles, #121098
Wabash Valley Correctional
Facility Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Jean Watkins
Mail Room Clerk
Wabash Valley Correctional
Facility 6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838