# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| PHILLIP LITTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:16-cv-0175-WTL-MPB |
| | ) |
| JEAN WATKINS, ROBERT CARTER, | ) |
| RICHARD BROWN, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Plaintiff's Motion to Compel**

Plaintiff Phillip Littler has filed a motion to compel, Dkt. No. 80, asserting that the defendants' responses to his discovery requests were late and inadequate. The defendants responded to the plaintiff's motion to compel arguing that, to the extent possible, they responded sufficiently to the petitioner's discovery requests.

The parties are reminded that the overall purpose of discovery under the *Federal Rules of Civil Procedure* is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682 (1958); see also *Epstein v. MCA, Inc.,* 54 F.3d 1422, 1423 (9th Cir. 1995) ("wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth"). Discovery in civil litigation is intended to be an essentially cooperative, self-regulating process for which the parties would take responsibility, with little judicial intervention required. See Edward D. Cavanagh, *The August 1, 1983 Amendments to the Federal Rules of Civil Procedure: A Critical Evaluation and a Proposal for More Effective Discovery Through Local Rules,* 30 Vill. L. Rev. 767, 775 & n.34 (1985). First, the defendants' discovery

responded were not late. They sought and were granted two extensions of time to respond to discovery. Dkt. Nos. 68, 74. As such, their responses were not late.

Second, Mr. Littler's motion to compel, Dkt. No. 80, is **denied** consistent with the following:

1. In request number 1, Mr. Littler request the defendants' policy regarding offender correspondence (defendants' response is included):

> **REQUEST NO. 1**: Indiana Department of Correction Policy and Procedure #02-01-103 "Offender Correspondence"; including signature page.
>
> **RESPONSE**: Objection. Defendants object to the request as it seeks documents that are already in the possession of Plaintiff. Subject to and without waiving the foregoing, please see the enclosed documents identified as Response to RFP No. 1. No such signature page for this policy exists in Defendants' possession.

In his motion to compel, Mr. Littler states that he does not possess the signature page. Dkt. No. 80, p. 3. The defendants respond to the motion by saying that policies do not require a signature page. Dkt. No. 89, p. 6. The Court cannot compel the production of information that does not exist. *See Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D.Wis. 2004) ("A party need not produce documents or tangible things that are not in existence or within its control. It is sufficient that the discovered party respond by saying that a document or tangible thing is not in existence."). The defendants assert a signature page does not exist. This response is sufficient. The motion to compel with respect to request for production number 1 is **denied**.

2. In request number 3, Mr. Littler requested from the defendants (defendants' response is included):

> **REQUEST NO. 3**: Copies of the letters from my cousin that were confiscated by the Defendants.
>
> **RESPONSE**: Objection. Defendants object to the request as giving Plaintiff the confiscated letter undermines Defendants' entire defense. Defendants object to the request as it seeks documents that are restricted from Plaintiff's access due to safety and security reasons. Subject to and without waiving the foregoing, no such documents exist in Defendants' possession.

Dkt. No. 80-1, p. 8. The defendants responded to the motion to compel that the letters in issue were destroyed. Again, the Court cannot compel the production of information that does not exist. *See Gateway Data Scis. Corp.*, 222 F.R.D. at 598 ("A party need not produce documents or tangible things that are not in existence or within its control. It is sufficient that the discovered party respond by saying that a document or tangible thing is not in existence."). The defendants assert the letters were destroyed. Dkt. No. 89, p. 4. This response is sufficient. The motion to compel with respect to request for production number 3 is **denied**.

3. In request number 6, Mr. Littler requested from the defendants (defendants' response is included):

> **REQUEST NO. 6:** All e-mails generated by Indiana Department of Correction staff members referencing, in whole or in part, the issue of this cause.
>
> **RESPONSE**: Objection. Defendants object to the request as overly broad, impermissibly vague, seeking irrelevant and inadmissible evidence, and not proportional to the needs of the case. The burden of this request outweighs its likely benefit.

Dkt. No. 80-1, p. 9. In the motion to compel, Mr. Littler argues that a simple query of the e-mail system would generate the e-mails he requests. He also argues that the e-mails are necessary because "maybe it would show that the defendants themselves thought the policy potentially violative of the 1st Amendment when plaintiff grieved the matter in this light." Dkt. No. 80, p. 5.

The defendants responded to the motion to compel that there are approximately 5,900 Indiana Department of Correction ("IDOC") employees and that searching the employees emails to see if any exist discussing this issue is overly burdensome. The Court finds that Mr. Littler's request for all the e-mails that may exist that reference the issues in this case that may show that IDOC employees may have thought the mail policy violated the First Amendment is not relevant under Rule 26 of the Federal Rules of Civil Procedure. What employees may have thought about the mail policy does not determine the legal issue in this action. The motion to compel with respect to request for production number 6 is denied.

4. In request number 7, Mr. Littler requested from defendants (defendants' response is included):

> **REQUEST NO. 7**: All entries generated in the Indiana Department of Correction Offender Case Management System referencing, in whole or in part, the issue of this cause.
>
> **RESPONSE**: Objection. Defendants object to the request as overly broad, impermissibly vague, seeking irrelevant and inadmissible evidence, and not proportional to the needs of the case. Subject to and without waiving the foregoing, no such documents exist in Defendants' possession.

Dkt. No. 80-1, p. 10. The defendants responded by objecting because they argue the request is overly broad. They state in the response to the motion to compel that there are no such entries in the IDOC Offender Case Management System. As stated before, the Court cannot compel the production of information that does not exist. *See Gateway Data Scis. Corp.*, 222 F.R.D. at 598 ("A party need not produce documents or tangible things that are not in existence or within its control. It is sufficient that the discovered party respond by saying that a document or tangible thing is not in existence."). Additionally, counsel for the defendants stated that she checked any entries under Mr. Littler's name in the IDOC Offender Case Management System and none of

them referred to the issue of this lawsuit. Dkt. No. 89, pp. 4-5. This response is sufficient. The motion to compel with respect to request for production number 7 is **denied**.

5. In request number 8, Mr. Littler requested from defendants (defendants' response is included):

**REQUEST NO. 8**: My electronic medical records maintained by Indiana Department of Correction contractor Corizon Health, Inc., which were generated from the date of April 1, 2015 through the present date.

**RESPONSE**: Objection. Defendants object to the request as overly-broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not reasonably tailored to the issues in this case. Defendants object to the request to the extent that it seeks the production of documents not within their possession, custody, or control. Defendants object to the request as it seeks documents that are readily available to Plaintiff through the healthcare administrator at the facility.

Dkt. No. 80-1, pp. 10-11. The defendants responded by objecting because they argue the request is overly broad. However, this case does not involve a claim related to Mr. Littler's medical care while an inmate confined at the IDOC. And as the defendants point out, Mr. Littler is able to obtain this information in the form of a non-party request directed to Corizon, as the IDOC is not the keeper of these records. The motion to compel with respect to request for production number 8 is **denied**.

Finally, in the motion to reconsider filed by Mr. Littler on June 27, 2016, he sought to add Bruce Lemmon and Richard Brown in their individual capacities because they "individually

instituted policies which, upon their face, would blatantly violate the 1st Amendment and 4th Amendment rights . . . ." Dkt. No. 21. The Court permitted Mr. Littler to add these defendants in an individual capacity claim. Dkt. No. 22.

On April 13, 2017, the Court instructed Mr. Littler to restate a valid legal basis from which former Commissioner Bruce Lemmon could be found liable in so far as a suit against him in his individual capacity. In his response to the Court's order that he articulate a valid legal basis for his claim against Bruce Lemmon and Richard Brown in their individual capacities, Mr. Littler argues the purpose of the lawsuit is to determine Mr. Lemmon's liability. He then states the following:

> Nevertheless, as the defendants present their contest to his liability in this instance — despite the concept's irrelevance in the matter at hand — plaintiff hereby provides that the mere fact that Mr. Lemmon is no longer the commissioner does not somehow absolve him of his personal liability in causing the eventual violation of plaintiff's constitutional rights. When he, as the lead authority over the Indiana Department of Correction, authorized the policy at issue, he indeed caused (fundamentally) the violation at issue as that policy is what mandated that the plaintiff be prohibited from the correspondence that is the subject of this lawsuit. Therefore, he — personally and directly — caused the violation of plaintiff's rights.

Dkt. No. 97, p. 4. Mr. Littler then described the "policy" prohibiting inmates from communicating with individuals on probation as oppressive and tyrannical and that "Mr.

Lemmon authorized the blatantly unlawful policy that caused the violation of the plaintiff's rights. . . ." Dkt. No. 97, p. 8.

An official capacity suit is presumed only where the plaintiff challenges official policies or customs. *Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991). Individual capacity suits may be presumed when a litigant challenges the individual actions of government employees. *Id*. Mr. Littler's motion for reconsideration and response to the Court's April 13, 2017, entry, only challenge the policy that prohibited Mr. Littler from receiving mail from his cousin, an individual on probation. He sought injunctive relief in the form on an injunction ordering the termination of the policy and damages for both pain and suffering and the destruction of his letters. Dkt. No. 1.

An official capacity claim against Bruce Lemmon and Richard Brown was previously dismissed by this Court because of the inadequacy of Mr. Littler's claim and not because he challenged the mail policy as inadequate. Because Mr. Littler only challenges the existence and application of the mail policy instituted by Bruce Lemmon in this action, this is an official capacity claim. Mr. Littler has failed to adequately articulate a basis that would support a claim against Bruce Lemmon or Richard Brown in their individual capacities. Mr. Littler seeks to sue Bruce Lemmon and Richard Brown as the creator of the IDOC mail policy for enforcing the IDOC mail policy - but in their individual capacity. This is not permitted because it would eviscerate the distinction between individual capacity claims and official capacity claims. As stated above, Mr. Littler has articulated his claim regarding the mail policy as an official capacity claim. The claims against Jean Watkins in her official capacity for injunctive relief offers all the vindication he needs to challenge the mail policy. Therefore, pursuant to the authority set forth in 28 U.S.C. § 1915A, the Court dismisses the individual capacity claims against Bruce Lemmon and Richard Brown for

failure to state a claim. Mr. Littler's motion to compel Bruce Lemmon to respond to discovery, Dkt. No. 80, is **denied**.

**The clerk is instructed** to update the docket to reflect that Richard Brown and Bruce Lemmon have been dismissed from this action.

**IS IT SO ORDERED**.

Date:9/20/17

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

PHILLIP LITTLER
121098
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Electronically registered counsel