# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| PHILLIP LITTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:16-cv-0175-WTL-MPB |
| | ) |
| JEANNE WATKINS, | ) |
| | ) |
| Defendant. | ) |

**Entry Denying Motion for Summary Judgment
and Directing Further Proceedings**

Plaintiff Phillip Littler, ("Mr. Litter"), an Indiana prisoner currently incarcerated at the Westville Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 for an alleged constitutional deprivation that occurred while he was incarcerated at the Wabash Valley Correctional Facility ("Wabash Valley"). He alleges that Jeanne Watkins, in her official capacity, is violating his First Amendment rights to correspond through the mail with his cousin who is on probation.

**I. Background**

As background, Mr. Littler filed this action and named as defendants Jeanne Watkins, Richard Brown, and Bruce Lemmon in their official capacities. He sought injunctive relief and damages for pain and suffering. At screening, the Court dismissed the claims against Brown and Lemmon because there were no allegations of personal participation. The Court permitted a First Amendment claim against defendant Watkins in her official capacity based on the allegations that she confiscated and destroyed his mail pursuant to an IDOC policy. Dkt. No. 4. An official capacity claim was presumed because Mr. Littler only challenged the application of the IDOC mail policy.

Mr. Littler filed a motion to reconsider the dismissal of Brown and Lemmon in their official capacities and the Court granted the motion, permitting an official capacity claim against Brown and Lemmon for injunctive relief. Dkt. No. 11. Mr. Littler filed a second motion to reconsider and the Court again granted that motion, this time permitting him to proceed against Brown and Lemmon in their individual capacities. Dkt. No. 22. Next, Mr. Littler filed a motion to amend seeking to add a substantive due process claim which the Court denied on July 25, 2016. Dkt. Nos. 24, 25. Mr. Littler persisted by filing a motion to reconsider the Court's denial of the motion to amend. Dkt. No. 32. The Court denied the motion to reconsider the motion to amend to add a substantive due process claim finding that the specific constitutional right that was infringed by the conduct alleged was the First Amendment right of inmates to send and receive mail. The Court also determined that Mr. Littler received all of the process he was due. Dkt. No. 36.

Upon further consideration and pursuant to the authority under 28 U.S.C. § 1915, on September 20, 2017, the Court dismissed Brown and Lemmon as defendants. *See* Dkt. No. 110. Given the ongoing amendments to the complaint by the plaintiff, the Court mistakenly concluded in that Entry that the official capacity claim against Brown and Lemmon had previously been dismissed. As a result, only the individual capacity claims were specifically addressed and dismissed. The Court held that Mr. Littler could not proceed against Brown and Lemmon in their individual capacities because he was challenging the Policy as applied to him by defendant Watkins.

Although not specifically addressed in the Entry of September 20, 2017, there was no error in dismissing Brown and Lemmon in their official capacity. An official capacity claim is really against the IDOC and the State of Indiana. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). Thus, any claim against them in their official capacity is duplicative to the claim against Watkins.

In conclusion, the claim which remains in this action is a First Amendment claim against defendant Watkins in her official capacity. Mr. Littler's claim against defendant Watkins in her official capacity for injunctive relief offers all the vindication he needs to challenge the mail policy.

The defendant moved for summary judgment. The motion is fully briefed. Mr. Littler's sur-reply is 47 pages long. Local Rule 7-1 limits the page number of reply briefs to 20 pages. The Court has read the first 20 pages of his sur-reply. For the following reasons, the motion for summary judgment, Dkt. No. 92, is **denied**.

## II. Undisputed Facts

The Court notes that Mr. Littler has not complied with Local Rule 56-1(b), which provides that a response to a motion for summary judgment "must include a section labeled 'Statement of Material Facts in Dispute' that identifies the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment." Mr. Littler does not identify any factual disputes that he supports with evidence.

Construed in the manner most favorable to Mr. Littler, the following facts are undisputed for purposes of summary judgment:

Indiana Department of Correction ("IDOC") Policy 02-01-103 ("Policy") establishes a procedure for offenders to maintain contact with individuals in the community through correspondence, printed materials, and packages in a way that ensures the safety and security of the individuals and IDOC facilities. This Policy restricts offender correspondence. Dkt. No. 94-2, p. 4. It states in relevant part:

> An offender must obtain prior approval from the IDOC to receive or send correspondence to another person if the other person is:
>
> - Held in a correctional facility (Federal, State, or local);
> - On parole;

- Sentenced to a community corrections program:
- Held in a county jail;
- Released from an IDOC facility to county probation supervision;
- Participating in a Community Transition Program (CTP); or
- Participating in a work release program.

Dkt. No. 94-2, p. 4.

The IDOC does not censor, copy, withhold, or disclose mail to inmates unless staff has reasonable grounds to believe that the correspondence is from an individual that satisfies the above criteria. Dkt. No. 94-2, p. 9. It is the offender's responsibility to obtain permission to engage in correspondence with a restricted individual by establishing that such correspondence is in the best interest of the offender, the restricted individual, and the facility. Dkt. No. 94-2, p. 4. Wabash Valley's Policy further states: "Correspondence that is determined to be unauthorized offender to offender correspondence shall be destroyed, no other disposition is allowed." Dkt. No. 94-3, p. 26. As such, Wabash Valley's mail room confiscates unauthorized offender-to-offender correspondence. The offender has the option of approving the destruction of the correspondence or filing a grievance. Dkt. No. 94-1, ¶ 7.

Defendant Watkins is the mailroom supervisor at Wabash Valley. Dkt. No. 94-1. ¶ 1. On March 16, 2015, the Wabash Valley mailroom received a letter addressed to Mr. Littler from Aaron Young, 319 ½ Lincoln Way, La Porte, Indiana. Dkt. No. 94-1, ¶ 10. Mr. Littler claims that Aaron Young is his cousin. Dkt. No. 1. The letter states the writer, Aaron Young, was serving probation in St. Joseph County, Indiana, at the time the letter was written and mailed to Mr. Littler. Dkt. No. 94-1, ¶ 11.

Mr. Littler did not obtain permission prior to receiving mail from his cousin, Mr. Young. At the time the letter arrived at Wabash Valley, Mr. Littler was in disciplinary segregation and did not have permission to receive any restricted mail. Dkt. No. 94-1, ¶ 12. Individuals in disciplinary segregation are not permitted to receive mail from other offenders.

The letter from Mr. Young was confiscated and IDOC officials notified Mr. Littler of the confiscation. Dkt. No. 94-4. Mr. Littler filed a grievance, so the mailroom kept the letter pending exhaustion of the grievance process. Dkt. No. 94-1, ¶¶ 13, 14.

Mr. Littler's grievance appeal was denied on September 2, 2015, and defendant Watkins destroyed the letter from Mr. Young. Dkt. No. 94-1, ¶ 16.

### III. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001).

## IV. Discussion

Defendant Watkins asserts she is entitled to summary judgment because Mr. Littler's mail was confiscated and destroyed pursuant to IDOC policy and the IDOC Policy does not violate the First Amendment. Mr. Littler contends that the Policy is unconstitutional as applied to him because his cousin was never incarcerated at the IDOC and therefore his mail to Mr. Littler does not qualify as a restricted under the IDOC Policy.

Although "prisoners have protected First Amendment interests in both sending and receiving mail," *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), a prison can confiscate an inmate's mail if confiscation is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). But the prison must present "some evidence to show that the restriction is justified." *King v. Federal Bureau of Prisons*, 415 F.3d 634, 639 (7th Cir. 2005). Such an interest can be shown through evidence from IDOC officials. While the Court can certainly imagine why the IDOC would want to restrict mail between inmates, the defendant has failed to present **any** evidence at all discussing why restricting mail between an inmate and an individual on probation is logically related to the legitimate security concerns of the IDOC. Because the defendant has failed to introduce any evidence showing why a restriction on Mr. Littler's First Amendment rights to correspond with Mr. Young is logically related to a legitimate security interest, they have failed to show that the decision to confiscate and destroy Mr. Littler's mail is constitutional.

The Seventh Circuit has held that constitutionality of a rule prohibiting correspondence between inmates at different institutions "cannot be doubted." *Farrell v. Peters*, 951 F.2d 862 (7th Cir. 1992) (citing *Gometz v. Henman*, 807 F.2d 113 (7th Cir. 1986)). The plaintiff in *Farrell*, an Illinois state prisoner, sued prison officials who prohibited him from corresponding with his

"common law" wife, an inmate at another Illinois institution. The denial was based on a prison rule which provided that "'permission for committed persons to correspond between intra-state and inter-state correctional facilities shall require the approval of the Chief Administrative Officers of both facilities and shall be based on safety and security concerns.'" *Id*. at 863. In finding that the prison rule and the denial of the request to communicate did not violate the plaintiff's First Amendment rights, the Seventh Circuit explained:

> The potential dangers from correspondence among inmates in this age of prison gangs-some nationwide in extent, *United States v. Silverstein*, 732 F.2d 1338 (7th Cir. 1984)-are obvious. The plaintiff argues as a backup that the rule was applied arbitrarily to him and his "common law" wife, but he gives no particulars as to why it might have been arbitrary and since the two were criminal confederates in pimping and prostitution before they were imprisoned for those offenses the arbitrariness of the defendants' actions hardly leaps out at us.

*Id.*

The IDOC policy at issue in this case is similar to the Illinois rule in *Farrell*. The IDOC rule states that an offender must obtain prior approval from the IDOC to correspond with another person if the other person is considered a restricted individual under the Policy. The Policy also states: "the offender must establish that the exchange of correspondence is in the best interests of both the confined person and the facilities involved."

In response, Mr. Littler attacks the application of the policy as to him because he argues his circumstances are outside the Policy. More specifically, he argues that because his cousin only stated he was on probation, and that there was no evidence he was ever incarcerated in the IDOC, he did not fit within the Policy for purposes of restricting correspondence from him. And as such, the IDOC did not possess a legitimate interest in restricting Mr. Litter's rights under the First Amendment in receiving mail from his cousin.[1]

---

[1] To the extent Mr. Littler argues the confiscation and destruction of Mr. Young's mail violated Mr. Young's rights, dkt. 113, p. 6, as a non-attorney, Mr. Littler is not permitted to assert the rights of another individual.

Based on the evidence submitted, it is unclear whether Mr. Littler's mail was properly confiscated pursuant to the IDOC Policy. The relevant portion of the Policy states: "An offender must obtain prior approval from the IDOC to receive or send correspondence to another person if the other person is released from an IDOC facility to county probation supervision." Dkt. No. 94-2, p. 4.

This Policy is only applicable to an individual that was released from IDOC to county probation supervision. The undisputed evidence is that Mr. Young's letter stated he was on probation. There is no evidence that Mr. Young was released from an IDOC facility to county probation. As such, there is a material question of fact as to whether the IDOC Policy applied to Mr. Young for purposes of confiscating his correspondence to Mr. Littler.

In reply, the defendant states in a footnote that she believes Mr. Young was serving a 365-day sentence in the St. Joseph County Work Release Program at the time he sent the letter to Mr. Littler. Therefore, she argues, Mr. Young was a restricted individual under the portion of the Policy that restricts correspondence from an individual "participating in a work release program." Dkt. No. 94-2, p. 4; Dkt. No. 119. A footnote does not constitute evidence, and there is no evidence in the record that the Policy applied to Mr. Young.

In addition the focus on the Policy is misplaced when the issue is whether Mr. Littler should be allowed to receive his cousin's letters.

The defendant also argues she is entitled to qualified immunity. The Court agrees. Defendant Watkins applied the Policy to correspondence Mr. Littler received in which the writer stated he was on probation. She reasonably determined the Policy, which was previously declared constitutional, *see Long v. Knight*, 2016 WL 6610855 (S.D. Ind. 2016), applied to the

---

*Gometz v. Henman*, 807 F.2d 113, 115 (7th Cir. 1986). Mr. Littler has no right to act on Mr. Young's behalf. The Court dismissed this claim in the May 25, 2016, screening entry.

correspondence.[2] However, Mr. Littler is not seeking money damages in this action. Dkt. No. 21. The defense of qualified immunity is only available for civil damages and does not cover the claim for injunctive relief asserted in this case. *Levenstein v. Salafsky*, 414 F.3d 767, 772 (7th Cir. 2005).

For these reasons, the defendant's motion for summary judgment, Dkt. No. 92, is **denied**.

## V. Conclusion

When a prison restriction impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. Here, the defendant failed to point to any evidence that the Policy restricting Mr. Littler's mail from Mr. Young was related to a legitimate penological interest. Therefore, the defendant's motion for summary judgment, Dkt. No. 92, is **DENIED.**

**The clerk is instructed** to update the docket to reflect that the defendant's name is Jeanne Watkins.

This action shall now proceed to bench trial or settlement. The magistrate judge is requested to set a settlement conference.

If Mr. Littler is interested in having counsel appointment on his behalf to assist him during a settlement conference, he shall file a motion for assistance with the recruitment of counsel. **The clerk is instructed to include** a copy of the motion for assistance recruiting counsel along with this Entry.

**IT IS SO ORDERED**.

Date: 2/14/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[2] While this Policy was found to be constitutional in *Long v. Knight*, the defendants in that case introduced evidence supporting how the Policy helped ensure the security of the facility. The defendants in this action failed to introduce any such evidence, other than the Policy itself, which does not address the purpose behind it. *Long*, 2016 WL 6610855 at 3.

Distribution:

PHILLIP LITTLER
121098
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Electronically Registered Counsel


Magistrate Judge Brookman