UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PHILLIP LITTLER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:16-cv-00175-WTL-DLP |
| JEANNE WATKINS, | ) ) ) | |

## ORDER DISCUSSING INDIVIDUAL
## CAPACITY CLAIM AGAINST DEFENDANT WATKINS

This case is about a single piece of correspondence that was destroyed pursuant to an inadvertently misapplied Indiana Department of Correction (IDOC) correspondence policy.

A. Background:

Mr. Littler filed a complaint in this action alleging that his First Amendment rights were violated when, on March 16, 2015, Jeanne Watkins confiscated and subsequently destroyed a letter Mr. Littler received from his cousin, Aaron Young. Young was serving probation in St. Joseph County, Indiana, at the time he mailed the letter. Dkt. 94-1, ¶ 11. Ms. Watkins confiscated the letter based on her application of IDOC Policy 02-01-103 (Policy) which restricts IDOC inmates from corresponding with certain individuals without prior approval. The Policy states in relevant part:

> An offender must obtain prior approval from the IDOC to receive or send correspondence to another person if the other person is:
>
> • Held in a correctional facility (Federal, State, or local);
>
> • On parole;

- Sentenced to a community corrections program;

- Held in a county jail;

- Released from an IDOC facility to county probation supervision;

- Participating in a Community Transition Program (CTP); or

- Participating in a work release program.

Ms. Watkins confiscated the letter because it was her understanding that Young was a restricted individual under the portion of the Policy that restricts correspondence from an individual on probation. Dkt. 94-1, ¶ 11; dkt. 94-2 at 4; dkt. 119. She now acknowledges this was a mistake since the Policy does not apply to Young.[1] After the letter was confiscated, Mr. Littler filed a grievance. Upon the exhaustion of the grievance process, Ms. Watkins destroyed the letter. As a result, Mr. Littler filed this lawsuit.

On October 9, 2018, the Court directed the parties to brief whether Ms. Watkins can be sued in her individual capacity for enforcing the mail policy and destroying the mail Mr. Littler received from his cousin. Currently, the case is only proceeding against Watkins in her official capacity. An official capacity suit is presumed only where the plaintiff challenges official policies or customs. *Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991). Individual capacity suits may be presumed when a litigant challenges the individual actions of government employees. *Id*. Here, Mr. Littler is challenging both, so this action is against Ms. Watkins in both her official and individual capacity.[2]

---

[1] At the February 5, 2019, telephone status conference, counsel for Ms. Watkins stated the Policy does not apply.

[2] In the Entry Denying Defendant's Motion for Summary Judgment, the Court did not discuss the plaintiff's claim against Watkins in her individual capacity.

B. Qualified Immunity:

When suit is brought against a government official in his or her individual capacity, the official may raise any relevant personal immunity defense. *See Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985). The doctrine of qualified immunity protects government officials from liability for civil damages when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). In other words, a plaintiff must show that not only his constitutional rights were violated, but that any reasonable official under the circumstances would have realized his rights were being violated. It is a defense available to officials with discretionary or policymaking authority when sued in their individual capacities under § 1983. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993).

The qualified immunity defense consists of two prongs, both of which Mr. Littler must overcome to defeat the defendant's qualified immunity defense: 1) whether a constitutional right would have been violated on the facts alleged; and 2) whether the constitutional right was "clearly established" at the time of the official's alleged misconduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *City of Escondido v. Emmons*, 586 U.S. ___ (2019) No. 17-1660, slip. op. at 2-3 (U.S. Jan. 7, 2019). "Courts may decide qualified immunity cases on the ground that a defendant's action did not violate a clearly established right without reaching the question of whether a constitutional right was violated at all." *Pearson*, 555 U.S. at 226. This is, in almost every case, a high bar.

As noted, Mr. Littler must demonstrate a violation of his clearly established rights under the First Amendment in order to defeat Ms. Watkins qualified immunity defense. *Purvis v. Oest*, 614 F.3d 713, 717 (7th Cir. 2010).

1. Constitutional Violation

The first prong is satisfied because Mr. Littler's First Amendment rights were violated. "[P]risoners have protected First Amendment rights in both sending and receiving mail." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Prison officials may only interfere with prisoners' freedom of speech if doing so is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 88 (1987).

As noted, prison officials may only confiscate inmate mail if confiscation is reasonably related to legitimate penological interests. *See Turner*, 482 U.S. at 89. This Court has already recognized it its summary judgment entry that Ms. Watkins has failed to introduce any evidence showing why a restriction on Mr. Littler's First Amendment rights to correspondence with Young was logically related to a legitimate security interest. *See* Dkt. No. 123, p. 6 ("Because the defendant has failed to introduce any evidence showing why a restriction on Mr. Littler's First Amendment rights to correspond with Mr. Young is logically related to a legitimate security interest, they have failed to show that the decision to confiscate and destroy Mr. Littler's mail is constitutional.).

2. Clearly Established

Under the second prong, the question is whether clearly established law prohibited Ms. Watkins from applying the IDOC Policy to an individual she reasonably believed was restricted under the Policy when he mailed the letter to the prison. To be clearly established, a right must be specific to the relevant factual context of a cited case and not generalized with respect to the amendment that is the basis of the claim. *Viilo v. Eyre*, 547 F.3d 707, 710 (7th Cir. 2008). However, a case with similar facts is not necessarily required; the violation may be so obvious in light of law existing at the time that a reasonable person would have known that his or her conduct was

unconstitutional. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1023 (7th Cir. 2000). Mr. Litter can demonstrate that the right he identifies was "clearly established" by presenting a sufficiently analogous case which establishes that the defendant's conduct was unconstitutional or by presenting evidence—even in the absence of applicable precedent—that the defendants' conduct was so patently violative of the constitutional right that a reasonable official would know without guidance from a court. *Hope v. Pelzer*, 536 U.S. 730, 739–40 (2002). Mr. Littler need not cite a case that is factually identical to his case, but the "existing precedent must have placed the right or constitutional question beyond debate." *Al–Kidd*, 563 U.S. at 741.

In conducting the clearly established inquiry, the Court's first task is to consider controlling Supreme Court and Seventh Circuit precedent. *Abbott v. Sangamon Cty.*, 705 F.3d 706, 731 (7th Cir. 2013). If the precedent of the Supreme Court and of the Seventh Circuit do not provide adequate guidance, the Court therefore must "cast a wider net" and look to whether "all relevant case law" demonstrates "such a clear trend ... that we can say with fair assurance that the recognition of the right by a controlling precedent was merely a question of time." *Id.* (internal quotation marks omitted).

Ms. Watkins does not identify a case that establishes a clearly established right analogous to the facts of this case. Similarly, the Court was unable to locate a case on point or factually analogous. Mr. Littler points to *Jones v. Russell*, 149 F. Supp. 3d 1095 (W.D. Wis. 2015) to show that it was clearly established that prison officials know or should know they cannot confiscate or destroy inmate mail without a valid penological justification. Dkt. 150 at 8.

In *Russell*, a prison official confiscated an affidavit sent by the plaintiff, an inmate, to another inmate. The plaintiff had prepared the affidavit in support of the other inmate's petition challenging

a disciplinary finding that he was a member of a gang. The official confiscated the letter and the plaintiff was placed in disciplinary segregation.

The district court found that the prison official was not entitled to qualified immunity because the plaintiff's First Amendment rights were clearly established at the time of their violation. *Id*. at 1105. ("Defendant Russell knew, or should have known, that he could not confiscate plaintiff's affidavit and issue him a conduct report without a valid penological justification. Although defendants cite a number of valid reasons for confiscating inmate mail, such as when it 'poses a threat to safety or security of the institution,' they have never explained how plaintiff's affidavit implicates any of these concerns. Defendant Russell should have known that the bald assertion that plaintiff's affidavit was 'gang-related,' without more, is not enough to justify its confiscation and destruction.").

Mr. Littler relies on *Russell* as support for the argument that "reasonable [prison] officials should know they cannot confiscate mail without a valid penological justification." Dkt. 150, at 5. In response, Mr. Watkins argues that because *Russell* was decided after Ms. Watkins confiscated Mr. Littler's mail, it was not clearly established that her conduct violated Mr. Littler's First Amendment rights. Mr. Littler responds by arguing that the "*Russell* court, without citing any analogous precedent, held that the plaintiff inmate's First Amendment rights were clearly established and violated when the defendant prison official destroyed his mail without adequate legal justification." Dkt. 152. Mr. Littler's reliance on *Russell*, he argues, provides both a sufficiently analogous case which establishes that the defendant's conduct was unconstitutional and shows that Watkin's conduct was so patently violative of the constitutional right that a reasonable official would know without guidance from a court. *See Hope*, 536 U.S. at 739–40; *Siebert v. Servino*, 256 F.3d 648 (7th Cir. 2001). The *Russell* court did not cite any analogous

precedent when it held the plaintiff's First Amendment rights were clearly established and violated when the defendant prison official destroyed his mail without adequate penological justification.

The Court concludes that Russell does not support Mr. Littler's position for two reasons. First, there is an important distinction here and in *Russell*. Here, the IDOC had a mail policy that prohibited written correspondence between inmates and certain individuals. Mr. Watkins believed, although mistakenly, that Young was a restricted individual under the Policy when she confiscated the mail he sent to Mr. Littler. As such, she believed she was properly applying the Policy. In contrast, there was no mail policy in effect in *Russell* at all. Thus, the *Russell* defendants had no reasonable justification to confiscate Jones' mail. Although she was mistaken, Ms. Watkins believed she was properly confiscating Young's letter.

Second, Ms. Watkins is correct that the *Russell* opinion had not been issued when Mr. Littler's letter was destroyed. As such, it does not affect our analysis because it was decided after Ms. Watkins confiscated and destroyed the letter here. *See Shoop v. Hill*, 586 U.S. ___ (2019), No. 18-56, slip op. at 5-6 (U.S. Jan. 7, 2019). Further, the court in *Russell* relies on *Turner*, 482 U.S. at 88, when it concluded that the defendant knew, or should have known that he could not confiscate plaintiff's affidavit and issue him a conduct report without a valid penological justification. *Russell*, 149 F. Supp. at 1105.

"The Supreme Court has held that, . . . , legal rights cannot be defined at a high level of generality. The dispositive question is whether the violative nature of particular conduct is clearly established. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." *Werner v. Wall*, 836 F.3d 751, 762 (7th Cir. 2016) (internal quotations and citations omitted)). Mr. Littler is asking the Court to define the clearly established right at a high level of generality by only applying the rule set out in *Turner*, which he says establishes that

prison officials may only interfere with prisoners' freedom of speech if doing so is "reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 88. However, under qualified immunity precedent, this analysis is far too general.

Qualified immunity gives public officials "breathing room to make reasonable but mistaken judgments about open legal questions. When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Al–Kidd*, 563 U.S. at 741 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)); *Estate of Escobedo v. Martin*, 702 F.3d 388, 404 (7th Cir. 2012).

Here, Ms. Watkins confiscated and subsequently destroyed Young's letter because she thought the IDOC Policy applied to him because the letter stated he (Young) was on probation.

Mr. Litter has failed to meet the "clearly established" standard sufficient to defeat the defendant's qualified immunity defense to his claim. The qualified immunity defense seeks to balance "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officers from harassment, distraction, and liability when they perform their duties reasonably." *Pearson*, 555 U.S. at 231. Ms. Watkins made a reasonable but mistaken judgment about whether she was entitled to confiscate and destroy Young's letter based on her belief he was a restricted individual. Accordingly, she is entitled to qualified immunity.

No partial final judgment shall issue at this time.

**IT IS SO ORDERED**.

Date: 3/13/2019

_William T. Lawrence_
Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

PHILLIP LITTLER
121098
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Haroon Anwar
FAEGRE BAKER DANIELS LLP (Indianapolis)
haroon.anwar@FaegreBD.com

Amanda Elizabeth Fiorini
INDIANA ATTORNEY GENERAL
Amanda.Fiorini@atg.in.gov


Ryan J. Guillory
OFFICE OF ATTORNEY GENERAL CURTIS HILL
ryan.guillory@atg.in.gov