# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| PHILLIP LITTLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No. 2:16-cv-175-WTL-DLP ) |
| AMBER WALLACE, | ) ) |
| Defendant. | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW FOLLOWING TRIAL

A bench trial was held in this case on May 14, 2019. The Court, having considered the evidence submitted at trial, hereby makes the following findings of fact and conclusions of law.[1]

## I. FINDINGS OF FACT

Plaintiff Phillip Littler is and was incarcerated at Wabash Valley Correction Facility ("Wabash Valley") at all times relevant to this lawsuit. Indiana Department of Corrections ("IDOC") Policy 02-01-103 ("Policy") requires individuals incarcerated at IDOC facilities to seek prior approval before exchanging correspondence with certain categories of individuals. Specifically, offenders must seek prior approval before exchanging correspondence with individuals who have been released from an IDOC facility to county probation supervision.

In March 2015, Jeanne Watkins was the mailroom supervisor at Wabash Valley Correctional Facility. On or about March 16, 2015, the Wabash Valley mailroom received a letter addressed to the Plaintiff, from his cousin, Aaron Young. The letter from Mr. Young stated that he was serving probation in St. Joseph County, Indiana. Ms. Watkins confiscated Mr.

---

[1]Any finding of fact more appropriately considered a conclusion of law should be so deemed and vice versa.

Young's letter, believing that the Policy applied to it. On or about March 26, 2015, IDOC officials subsequently notified the Plaintiff that the letter had been confiscated.

On or about April 7, 2015, the Plaintiff filed a grievance protesting the confiscation of the letter. On or about May 11, 2015, the Plaintiff's grievance was denied. On or about May 28, 2015, the Plaintiff appealed the denial of his grievance. On or about June 22, 2015, the Plaintiff's appeal was denied. On or about September 2, 2015, Ms. Watkins destroyed the confiscated letter. Ms. Watkins is no longer the mailroom supervisor at Wabash Valley. Amber Wallace became the new mailroom supervisor at Wabash Valley, and is therefore substituted as the Defendant in this case pursuant to Federal Rule of Civil Procedure 26(d).

## II. **CONCLUSIONS OF LAW**

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983, challenging the constitutionality of the Policy. The issue before the Court is whether the Plaintiff is entitled to declaratory relief stating that the Policy violates the First Amendment, as well as injunctive relief prohibiting the future application of the Policy. The Plaintiff has the burden of proving his claims by a preponderance of the evidence.

To begin this inquiry, the Court must address the Defendant's sovereign immunity and mootness arguments. Pursuant to the Eleventh Amendment, private individuals are generally prohibited from bringing actions against states. However, the Supreme Court established an exception to this general rule in *Ex Parte Young*, 209 U.S. 123 (1908), pursuant to which "private citizens [may] sue state officials in their official capacities to require them to comply with federal law on an ongoing basis." *McDonough Assocs., Inc. v. Grunloh*, 722 F.3d 1043, 1049 (7th Cir. 2013) (citing *Ex Parte Young*). "'In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward

inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Id.* at 1051 (quoting *Verizon Md. Inc. v. Public Svc. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Relatedly, the Defendant argues that the case is moot because there is no actual case or controversy.[2] The Defendant cites *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), for the proposition that a party seeking prospective relief must establish a real and immediate threat of harm.

The Court finds that the Plaintiff's claims are not subject to sovereign immunity nor are they moot. The Plaintiff remains incarcerated at Wabash Valley, and thus faces exposure to the Policy on a full and continuous basis. Thus the Policy presents an immediate threat of harm; if the Plaintiff seeks to mail a letter to a restricted individual, the Policy will bar him from doing so. Accordingly, his case is not moot. Similarly, because the Plaintiff seeks to enjoin a policy that continues to be applied to him, his claims fall within the *Ex Parte Young* exception and may proceed.

Now the Court must consider the merits of the Plaintiff's claims under Section 1983. To prevail under Section 1983, the Plaintiff must establish that he (1) had a constitutionally protected right, (2) he was deprived of that right in violation of the Constitution, (3) the Defendant intentionally caused that deprivation, and (4) that the Defendant acted under color of state law. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993). Regarding the confiscation of the Plaintiff's mail and the prospective restriction of his communications, the Court concludes that the Plaintiff has a protected First Amendment interest in both sending and

---

[2] The Defendant also argues that the Plaintiff lacks standing because the Policy was not applied to him. However, Ms. Watkins testified that the letter from Mr. Young was confiscated because it was believed that the Policy applied to it.

receiving mail, *Turner v. Safley*, 482 U.S. 78 (1987), and that if the Plaintiff was deprived of his First Amendment rights, it was done intentionally under the color of state law. Accordingly, the remaining question before the Court is whether the Plaintiff was deprived of his First Amendment rights.

"[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89. In *Turner*, the Supreme Court upheld a restriction on inmate-to-inmate correspondence. While the Policy is broader than that upheld in *Turner*, applying to all those who are held in a correctional facility, on parole, sentenced to a community corrections program, held in a county jail, released from a Department facility to county probations supervisor, participating in a Community Transition Program, or participating in a work release program, the Court finds that it is nevertheless reasonably related to a legitimate penological interest. Indeed, the Supreme Court has noted that "communication with other felons is a potential spur to criminal behavior: this sort of contact frequently is prohibited even after an inmate has been released on parole." 482 U.S. at 91-92.

The Plaintiff argues that the Policy does not serve a legitimate penological purpose because the mail would still be inspected and mail which included a security threat or communications about illegal activity would still be confiscated even without the Policy. In *Turner*, the Supreme Court noted that in addition to a valid connection between the regulation and the government interest, the court may consider whether there are alternative means of exercising a right, the impact of the accommodation of the right on guards, other inmates, and prison resources, and the absence of a ready alternative. 482 U.S. at 89-91. While simply inspecting all the mail is a ready alternative, the Plaintiff has an alternative means of exercising

4

his rights by first seeking approval, and not restricting any mail would likely increase the amount of mail to be inspected by prison staff, draining prison resources. In sum, the Court believes that the Policy is reasonably related to a legitimate penological interest. Accordingly, the Court finds in favor of the Defendant.

### III. <u>CONCLUSION</u>

For the reasons set forth above, the Court finds that the Plaintiff has failed to prove that the Policy violates First Amendment. Accordingly, judgment will be entered in favor of the Defendant on all of the Plaintiff's claims.

SO ORDERED: 6/10/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification